CHARLES J. ABBOTT *versus* INHABITANTS OF BANGOR.

The payment of an illegal tax assessed upon bank shares, for the purpose of preventing the seizure and sale of them by the collector, is not a voluntary payment.

To bring the assessment of a tax upon bank shares within c. 193 of the Public Laws of 1863, it must be made to appear that the stock was "held by persons out of the State or unknown, and that" it had "not been certified" to or assessed in some place in this State; or that the stock appeared, "by the books of the bank, to be held by some one residing beyond the limits of this State, or unknown."

The Act of Congress, approved Feb. 10, 1868,* "in relation to taxing shares in national banks," had no retroactive effect upon any proceedings previously had under c. 126 of the Pub. Laws of 1867.

---

* See opinion.

Nor does it affect the decision in *Packard* v. *Lewiston*, 55 Maine, 456, as to the validity or invalidity of the several sections of that chapter.

The right of tax-payers to recover back a tax paid under protest, must be determined by the law as it was when the tax was assessed and paid.

The repeal of the statute authorizing the assessment, after such payment and the commencement of the suit to recover it back, confers no additional rights upon the tax-payer.

*Packard* v. *Lewiston*, 55 Maine, 456, re-examined and confirmed.

ON FACTS AGREED.

ASSUMPSIT to recover money paid in discharge of certain taxes assessed in 1866 and in 1867.

It was admitted that, on April 1, 1866, and April 1, 1867, and for many years before that time, and ever since, the plaintiff was, and has been an inhabitant of Castine ; that at no time during the period named was he an inhabitant of Bangor; that on the first days of April, 1866 and 1867, he was the owner of twenty-four shares of the stock of the First National Bank of Bangor, for which he was taxed by the assessors of Bangor, a certain amount named, for State, county and municipal purposes; that, on Jan. 23, 1868, the plaintiff received from the collector of taxes in Bangor, a written notice of the amount of the respective taxes, requesting payment thereof and declaring that " payment made within ten days from date will save costs ;" that, on Feb. 4, 1868, the collector being about to seize and sell said bank stock for the payment of the taxes, the plaintiff protesting that he was not liable to be taxed therefor in Bangor, and to pay the same there, and, to prevent such seizure and sale, and with the avowed design of commencing this suit to recover back the amount paid, and of testing the legality of the taxation and collection, paid to the collector the amount of the several taxes, which money went immediately into the city treasury ; that the officers of Bangor, for 1866 and 1867, were legally elected and qualified ; and that the proceedings in relation to the assessment were regular and legal if the stock was liable to such taxation. The Court were to enter proper judgment upon nonsuit or default.

*Abbott, pro se.*

The Act of Congress of Feb. 10, 1868, gave the construction to § 41 of the U. S. Bank Act of 1864. Under that construction, all of c. 126, of the Public laws of 1867, was valid ; and it being considered the law, the tax was not assessable or collectable in Bangor.

Chapter 126 has been unqualifiedly repealed by c. 209 of the Pub. Laws of 1868, while proceedings relative to the tax of 1867 were still pending. The tax was paid under protest, and as a step preliminary to the commencing of this suit. The amount of the tax was delivered by the plaintiff to the collector, not as payment, not to constitute the end of a transaction, but only as one step in a series of measures. The money delivered was the plaintiff's, delivered as his, to prevent seizure and sale of his stock, and not as the defendants'. And, whether the defendants can retain it depended upon the statute of 1867 ; and an unqualified repeal of that statute, while proceedings were pending, put an end to any rights the defendants could claim under its provisions. *Thayer* v. *Seavey*, 11 Maine, 284 ; *Key* v. *Goodwin*, 4 Moore & Paine, 341 ; *Plant. No.* 9 v. *Bean*, 36 Maine, 359 ; *McNawhoc Plant.* v. *Thompson*, 36 Maine, 365 ; *Williams* v. *County Commiss'rs*, 35 Maine, 345.

If the collector had commenced an action for the collection of the taxes, and, during its pendency, c. 126 had been repealed, the action could not have been maintained. Change of parties makes no change in the application of the principle.

*Charles Hamlin, City Solicitor,* for the defendants, contended, *inter alia,* that the payments were voluntary.

BARROWS, J.—The position taken in defence of this action, that the plaintiff paid these taxes voluntarily, and is thereby precluded from maintaining a suit to recover the same, cannot be deemed tenable upon the facts presented by the agreed statement. See, on this point, *Preston* v.

*Boston*, 12 Pick., 7, the doctrine of which is recognized as sound by SHEPLEY, J., in *Smith* v. *Readfield*, 27 Maine, 145.

Nor does it appear that the tax of 1866 can be defended as legally assessed under c. 193 of the laws of 1863, which authorizes the assessment, in the place where the bank is located or transacts its business, of stock "held by persons out of the State or unknown, and that has not been certified according to the provisions of c. 46, § 21, of the R. S., in any city or town in this State, and is not there assessed," or stock "appearing by the books of such bank to be held by persons residing beyond the limits of this State or unknown."

It is a sufficient reply to this defence that there is nothing in the agreed statement, from which it can be inferred that the plaintiff's stock came within the provisions of this Act. On the contrary, it does appear that the plaintiff had for many years resided in Castine, in the vicinity of Bangor, and was the owner of a considerable number of shares in the bank. The presumptions hence arising tend to show that the stock could not have been rightfully taxed under the Act of 1863. If the defendants designed to raise that question, it was incumbent on them to rebut these presumptions and make it appear that the plaintiff was out of the State or unknown, and that the stock had not been certified to or assessed in some place in this State, or that the stock appeared by the books of the bank to be held by some one residing beyond the limits of this State or unknown. The plaintiff is manifestly entitled to recover the amount paid to prevent the seizure of his stock for the tax of 1866, with interest from the time of the payment. *Abbott* v. *Bangor,* 54 Maine, 540.

With regard to the tax of 1867, it is not perceived that the plaintiff's claim stands on any materially different footing from that which was attempted to be maintained in *Packard* v. *Lewiston*, 55 Maine, 456, in which the Court rendered judgment for the defendants.

We see no occasion to change any of the views expressed in the opinion delivered in that case. There is no necessity for reiterating them. We simply refer to, adopt, and confirm them.

The plaintiff seeks to distinguish this case from *Packard* v. *Lewiston* on two grounds:—1. Because the Congress of the United States, since that decision was made, and subsequently to all the transactions involved in the present suit, on the 10th of February, 1868, legislated as follows:— "that the words 'place where the bank is located and not elsewhere,' in section 41 of the Act to provide a national currency, approved June 3, 1864, shall be construed and held to mean the State within which the bank is located, and the Legislature of each State may determine and direct the manner and place of taxing all the shares of national banks located within said State, subject to the restriction that the taxation shall not be at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens of said State ; and, provided always, that the shares of any national bank, owned by non-residents of any State, shall be taxed at the city or town where said bank is located and not elsewhere."

This Act of Congress can have no effect upon the result in this case. It was not necessary in order to enable the assessors of Bangor to lay the tax in 1867. That was authorized by previous legislation, both of Congress and the State Legislature. It is the office of the legislative department to enact laws, not to interpret them. It belongs to the judiciary to construe the laws which are enacted.

The Act of Congress of Feb. 10, 1868, operated a change in § 41 of the "Act to provide a national currency," as previously construed by this Court, and thenceforward authorized a mode of taxation more in consonance with our custom.; but it had no retroactive effect upon any proceedings previously had under our statute of 1867, nor does it affect, in any manner, the conclusion we reached in the case of *Packard* v. *Lewiston,* as to the validity or invalidity of the sev-

eral sections of c. 126 of the laws of 1867. We recognize and gladly conform to the change made by the Act of Feb. 10, 1868, in § 41 of the Act of June 3, 1864, but it cannot change our view of the true construction of § 41 as it originally stood, — a law for all cases arising under it prior to the Act of Feb. 10, 1868.

2. The second ground upon which the plaintiff claims that this case is distinguishable from *Packard* v. *Lewiston* is, that c. 126 of the laws of 1867, under which the tax in this, as well as in the Lewiston case, was assessed and collected, has now been repealed. He insists that his case is to be considered as so far a case pending that the repeal will enable him to maintain his whole claim in this suit.

We cannot adopt this view. The case finds a tax for the year 1867 legally assessed and rightfully collected, under the existing laws, paid under protest it is true, but *paid.* The right of the party making the payment to recover it back, must be tested by an examination of the laws then in force. The repeal of the statute which authorized the tax cannot confer upon him a right to recover that which he could not have recovered the day after he made his payment.        *Judgment for plaintiff for amount of tax of 1866, with interest from date of payment.*

APPLETON, C. J., KENT, WALTON and DANFORTH, JJ., concurred.